IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEVANCE D. PINKINS, # 204350, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KENNETH JONES, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:15cv917-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Levance D. Pinkins ("Pinkins"). *See* Doc. No. 1. Pinkins challenges his convictions for sodomy, burglary, and sexual abuse entered against him in April 1999 by the Circuit Court of Barbour County. He was sentenced as a habitual felony offender to consecutive terms of 99 years for the sodomy conviction, 99 years for the burglary conviction, and 20 years for the sexual abuse conviction. For the reasons that follow, Pinkins's petition should be denied under 28 U.S.C. § 2244(b)(3) and dismissed as a successive § 2254 petition filed without the required appellate court authorization.

**II. DISCUSSION**

The court's records reflect that this is Pinkins's fourth attempt at challenging his 1999 Barbour County convictions through a § 2254 petition. On February 19, 2002, this court denied and dismissed on the merits Pinkins's first § 2254 petition challenging his 1999

convictions. *See Pinkins v. Jones, et al.*, Civil Action No. 2:01cv1278-WHA (M.D. Ala. 2002). On August 26, 2002, this court dismissed as successive Pinkins's second § 2254 petition challenging his 1999 convictions. *See Pinkins v. Bullard, et al.*, Civil Action No. 2:02cv886-MHT (M.D. Ala. 2002). On December 13, 2004, this court dismissed as successive Pinkins's third § 2254 petition challenging his 1999 convictions. *See Pinkins v. Bullard, et al.*, Civil Action No. 2:04cv1079-MHT (M.D. Ala. 2004).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C.

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

> Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed
>> (continued...)

§ 2244(b)(3)(B) & (C).

Pinkins has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Pinkins] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[1](...continued)
unless–

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

1.  The petition for writ of habeas corpus filed by Pinkins be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Pinkins has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 4, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 18th day of December, 2015.

                                          /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE